## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Katie Gee,
**Claimant Below, Petitioner**

**v.)**     **No. 25-728**     (JCN: 2024013426)
                                (ICA No. 25-ICA-92)

ACNR Resources, Inc.,
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Katie Gee appeals the August 29, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Gee v. ACNR Resources, Inc.*, No. 25-ICA-92, 2025 WL 2491117 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision). Respondent ACNR Resources, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming, in part, and reversing in part, the February 6, 2025, order of the Workers' Compensation Board of Review. The Board of Review affirmed three separate claim administrator's orders, which (1) closed the claim for temporary total disability benefits, (2) denied a request for a cold compression therapy unit and shoulder wrap, and (3) denied the compensability of cervical radiculopathy in the claim. The ICA affirmed the Board of Review's order insofar as it pertains to the closure of the claim for temporary total disability benefits and the denial of the additional diagnosis of cervical radiculopathy. However, the ICA reversed the portion of the Board of Review's order that denied authorization for the cold compression therapy unit and shoulder wrap. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

On appeal, the claimant argues that the portion of the ICA's memorandum decision affirming the closure of temporary total disability benefits and the denial of an additional diagnosis of cervical radiculopathy is clearly wrong in light of the reliable, probative, and substantial evidence of the whole record. The claimant asserts that the cold compression therapy unit and shoulder strap were deemed medically necessary by orthopedic surgeon Jeffrey Abbott, M.D., to treat the trauma that she sustained to her shoulder. Because she was being provided ongoing treatment by Dr. Abbott for shoulder and radicular pain in her right upper extremity, the claimant argues that the claim administrator improperly closed her claim for temporary total disability benefits while she remained in active treatment without attaining maximum medical improvement.

---

[1] The petitioner is represented by counsel J. Thomas Greene, Jr. and T. Colin Greene, and the respondent is represented by counsel Aimee M. Stern.

The claimant maintains that she had no preexisting medical history of cervical limitations and argues that cervical radiculopathy developed as a result of the compensable injury. The claimant further argues that the ICA erred in not adding the diagnosis of right shoulder pain and radiculopathy of the cervical spine to the claim as compensable conditions based upon the opinion of Dr. Abbott.

The employer argues that the ICA's conclusions are supported by the substantial evidence of record. The employer contends that the claimant's MRI findings contradict the diagnosis of cervical radiculopathy and asserts that there is no evidence to support an injury to the cervical spine. The employer further argues that the claimant failed to meet her burden of proving by a preponderance of the evidence that she remained temporarily and totally disabled by her compensable right shoulder contusion. As such, the employer requests that the ICA's order be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error as to the issues on appeal and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED:** June 26, 2026

**CONCURRED IN BY:**
Chief Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick

**DISSENTING:**
Justice William R. Wooton
Justice James W. Flanigan

Flanigan, J., dissenting, joined by J. Wooton:

I respectfully dissent to the majority's decision summarily affirming the Intermediate Court of Appeals' ("ICA") memorandum decision affirming the decision of the Workers Compensation Board of Review insofar as it denied the claimant's request to add radiculopathy of the cervical spine as a secondary condition and to grant corresponding temporary total disability ("TTD") benefits. The Board of Review failed to appropriately evaluate all the medical evidence submitted on the issue. Rather, it simply defaulted to the opinion of an independent medical evaluator—who examined the claimant on one occasion—without adequately articulating why.

The factfinder in a workers' compensation case is vested with the statutory responsibility under West Virginia Code § 23-4-1g(a) to weigh conflicting medical opinions in terms of

2

"relevance, credibility, materiality and reliability . . . in the context of the issue presented." West Virginia Code § 23-4-1g(a) provides a default rule that states when a factfinder is presented with evidence of equal evidentiary weight, she must adopt "the resolution that is most consistent with the claimant's position[.]" As this Court explained in *Gwinn v. JP Morgan Chase*, No. 23-172, 2024 WL 4767011, at *4 (W. Va. Nov. 13, 2024) (memorandum decision):

> When confronted with conflicting medical opinions, the factfinder must consider the entire record, clarify inconsistencies, and adequately explain her reasons for choosing one medical opinion over the other. A factfinder cannot resolve the discrepancy between medical opinions with a mere announcement that one expert is reliable; she must provide some articulation for *why* that expert's opinion was selected, including an explanation of why that opinion was selected over another. The failure to do so raises due process concerns because parties to an adjudicatory proceeding are entitled to a well-reasoned decision.

(Footnote omitted).

In this case, the claimant, a thirty-year-old coal miner, was injured at work on January 26, 2024, when a rock struck her on the right side of her back and right shoulder. She began treatment with Dr. Jeffrey Abbott, an orthopedic surgeon, in March 2024. He reported in April 2024 that the claimant had pain in the back of her shoulder that radiated up into her neck, shoulder pain, neck pain, shoulder blade pain, and right arm numbness and tingling. Dr. Abbott diagnosed radiculopathy of the cervical spine. The claimant testified at deposition that she had no problems with her neck or shoulder prior to the work-related injury. After further treatment, Dr. Abbott completed a diagnosis update in July 2024 seeking to add cervical radiculopathy as a compensable condition in the claim. Dr. Ronald Fadel, an orthopedic surgeon, performed a records review at the request of the claim administrator and stated that there was often a symptomatic overlap of shoulder joint issues and cervical radiculopathy. A cervical MRI in May 2024 showed a congenitally small central canal size but not significant central canal or neural foraminal stenosis and no evidence of nerve root impingement. Dr. Prasadarao Mukkamala, a physiatrist, examined the claimant and issued a report in May 2024, opining that the claimant did not suffer a cervical injury related to the injury.

When considering the issue of secondary conditions, the Board of Review discussed Dr. Abbott's findings but adopted Dr. Mukkamala's position by simply stating that his "findings are supported by the objective medical evidence of record." However, the Board of Review did not explain why it adopted Dr. Mukkamala's opinion instead of Dr. Abbott's. Specifically, it did not state that it found Dr. Abbott's medical records and opinion less reliable than Dr. Mukkamala's report and why. Simply stated, "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *In re Queen*, 196 W. Va. 442, 447, 473 S.E.2d 483, 488 (1996). Notably absent from the Board of Review's discussion was Dr. Fadel's report and the claimant's deposition testimony where she stated that she had no problems with her neck prior to the work-related injury.

3

While reviewing courts are obliged to give reasonable deference to the factfinder, there is a combination of danger signals here which suggest that the Board of Review has not genuinely engaged in reasoned decision-making. Therefore, it is the duty of the reviewing courts to intervene rather than rubber stamp the decision. For these reasons, the Intermediate Court of Appeals erred when affirming the Board of Review's decision that failed to comply with West Virginia Code § 23-4-1g(a)'s mandate to weigh "all evidence pertaining to the issue" and assess that evidence against specific criteria "in the context of the issue presented."

Accordingly, I would have vacated the memorandum decision of the ICA and remanded this case with instructions directing the Board of Review to conduct a proper weighing of the medical evidence. The Board of Review should issue a decision with specific findings and conclusions that reflect the Board of Review's "assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of" the claimant's request to add radiculopathy of the cervical spine as a secondary condition and corresponding TTD benefits. W. Va. Code § 23-4-1g(a). I am authorized to state that Justice Wooton joins this dissent.